﻿Citation Nr: 18132501
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 16-02 010
DATE: September 6, 2018
ORDER
Service connection for bilateral hearing loss is denied.
Service connection for tinnitus is denied.
FINDINGS OF FACT
1. Hearing loss did not have onset during active service or within one year thereafter, and was not caused by active service.
2. Tinnitus did not have onset during active service or within one year thereafter, and was not caused by active service.
CONCLUSIONS OF LAW
1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. §§ 1131, 5107(b) (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309,3.385 (2018).
2. The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1131, 5107(b) (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2018).
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from November 1977 to May 1981.
This case comes before the Board of Veterans’ Appeals (Board) on appeal from an August 2015 rating decision of the Department of Veterans Affairs Regional Office.
Duties to Notify and Assist
The Veteran has not raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board... to search the record and address procedural arguments when the veteran fails to raise them before the Board”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).
The Veteran has failed to appear for VA audiological examinations scheduled for July 2015 and March 2016 and has not provided good cause for such failure. The VA facility noted that it called daily to try to contact the Veteran, but was unable to do so and thus unable to reschedule. The Veteran has not requested that the examinations be rescheduled and there is no returned mail in the file. Accordingly, the Board finds that the duty to assist has been met. 
Laws and regulations
Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2018). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service- the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2018).
In addition, service connection for certain chronic diseases (including sensorineural hearing loss and tinnitus, as organic diseases of the nervous system) may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2018); Fountain v. McDonald, 27 Vet. App. 258, 271-72 (2015). Although the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).
For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303(b), 3.309 (2018); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
The determination of whether a veteran has a service-connectable hearing loss is governed by 38 C.F.R. § 3.385, which states that hearing loss will be considered to be a “disability” when the threshold level in any of the frequencies 500, 1000, 2000, 3000 and 4000 Hertz is 40 decibels or greater; or the thresholds for at least three of these frequencies are 26 decibels or greater; or speech recognition scores are less than 94 percent. 38 C.F.R. § 3.385.
Analysis
The Veteran’s September 1977 service enlistment examination noted that the Veteran’s ears were normal. Audiometric findings (ISO-ANSI) units were, in pertinent part, as follows:
 500 1000 2000 3000 4000
RIGHT 5 10 5 Not tested 25
LEFT 10 15 15 Not tested 15

The Veteran’s STRs are negative for any recorded evidence of complaints, treatment, or diagnoses of tinnitus or of any hearing loss. The Veteran’s March 1981 service separation examination noted that the Veteran’s ears were normal. Audiometric findings (ISO-ANSI) units were, in pertinent part, as follows:
 500 1000 2000 3000 4000
RIGHT 5 10 10 15 35
LEFT 10 15 15 15 25

The Veteran denied hearing loss on the corresponding report of medical history. STRs also reveal that although the Veteran underwent audiological testing in October 1978, February 1979, and April 1981. The findings from that testing did not result in hearing loss for VA purposes.
The Veteran has provided little or no information concerning his assertions in this case, and, as noted, failed to appear for VA audiological testing scheduled for July 2015 and March 2016. The available post-service medical records do not indicate a diagnosis of hearing loss or tinnitus.
The Board finds that service connection for bilateral hearing loss is not warranted. Even assuming current hearing loss disability, and acknowledging diminished hearing during service, the evidence of record does not support a nexus between any asserted hearing loss and active service. Hearing loss “disability” for VA purposes was not shown during service, and was not demonstrated to a compensable degree within the first year of discharge from such service. See 38 C.F.R. §§ 3.307, 3.309. Additionally, there is no competent etiological opinion linking hearing loss to the Veteran’s active service.
The Veteran is competent to report noise exposure during his period of service and diminished hearing after service, and as such is consistent with the circumstances of his service, such assertions are deemed to be credible. The Board notes that the Veteran is competent to provide statements concerning factual matters of which he has firsthand knowledge (i.e., experiencing or observing noise exposure and hearing loss problems during or after service). Barr v. Nicholson, 21 Vet. App. 303 (2007); Washington v. Nicholson, 19 Vet. App. 362 (2005). Under certain circumstances, lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Veteran, however, lacks the medical training and expertise to opine that any current left ear or right ear hearing loss is etiologically related to noise exposure in service, as this is not capable of lay observation. Accordingly, this lay evidence does not constitute competent etiological medical evidence and lacks probative value in that regard.
Further, while the Veteran is competent to report that he has had hearing loss since service, the Board finds that the Veteran’s statements (to the extent he has made such statements) as to continuity of symptomatology and date of onset since service are not consistent, and thus are not credible in this regard. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995), aff’d, 78 F.3d 604 (Fed. Cir. 1996). In this regard, the Board notes that the Veteran specifically denied hearing loss at the time of his separation from service, in contrast to his current assertions that diminished hearing has existed since service discharge. Thus, even if noted during service, the Board does not find that the Veteran’s lay statements are sufficient to establish continuity of symptomatology of hearing loss.
The Board also finds that the evidence of record does not support a finding of service connection for tinnitus. Even assuming that the Veteran has a current diagnosis of tinnitus, there is no indication of when it began or how it might be related to the Veteran’s service. Tinnitus was not shown in service and there is no competent evidence linking it to service, including any statements from the Veteran himself. As such, service connection for tinnitus is not warranted.
In sum, service connection for hearing loss and tinnitus is not warranted. The Board has been mindful of the “benefit-of-the-doubt” rule, but, in this case, there is not such an approximate balance of the positive evidence and the negative evidence to permit a more favorable determination.
 
K. MILLIKAN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD David Nelson